1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMBER N. WIPFLER, State Bar No. 238484
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5721
    Fax: (415) 703-5843
8   Email: Amber.Wipfler@doj.ca.gov

9  Attorneys for Respondent Warden B. Curry

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT LINN,<br><br>                  Petitioner,<br><br>   v.<br><br>BEN CURRY, Warden,<br><br>                  Respondent. | C08-0243 JSW |

**ANSWER TO THE ORDER TO SHOW CAUSE;**
**MEMORANDUM OF POINTS AND AUTHORITIES**

Judge: The Honorable Jeffrey S. White

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMBER N. WIPFLER, State Bar No. 238484
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5721
     Fax: (415) 703-5843
8    Email: Amber.Wipfler@doj.ca.gov

9  Attorneys for Respondent Warden B. Curry

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT LINN,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>BEN CURRY, Warden,<br><br>　　　　　　　　　Respondent. | C08-0243 JSW<br><br>**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:　The Honorable Jeffrey S. White |

　　　As an answer to the January 14, 2008 petition for writ of habeas corpus filed by state inmate Robert Linn, Respondent Warden Ben Curry admits, denies, and alleges the following:

　　　1.　Linn is in the lawful custody of the California Department of Corrections and Rehabilitation following his February 22, 1984 conviction of first-degree murder. (Pet., p 2.) He is currently serving an indeterminate sentence of twenty-five years to life. (*Id.*) At the time of his 2006 parole consideration hearing, Linn had served twenty-two years of this sentence.

　　　2.　In 2007, Linn filed a petition for writ of habeas corpus in the Superior Court of Riverside

County, alleging that the Board's 2006 parole denial violated due process. (Ex. A, Super. Ct. Pet.) The superior court denied the petition, finding that Linn had failed to state a prima facie case for habeas relief. (Ex. B, Super. Ct. Order.)

3. Linn then raised the same claims in petitions to the California Court of Appeal and the California Supreme Court. (Ex. C, Ct. App. Pet.; Ex. D, Ct. App. Order; Ex. E, Sup. Ct. Pet.; Ex. F, Sup. Ct. Order.) Both petitions were summarily denied.

4. Respondent admits that Linn exhausted his state court remedies regarding the claim that the Board's 2006 parole denial violated his due process rights. Respondent denies that Linn has exhausted his claims to the extent that they are interpreted more broadly to encompass any systematic issues beyond this claim.

5. Respondent admits that the petition is timely under 28 U.S.C. § 2244(d)(1), and that the petition is not subject to any other procedural bar.

6. Respondent denies that the state court denials of habeas corpus relief were contrary to, or involved an unreasonable application of, clearly established United States Supreme Court law, or that the denials were based on an unreasonable interpretation of facts in light of the evidence presented. Linn therefore fails to make a case for relief under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254.

7. Respondent denies that Linn has a federally protected liberty interest in parole; hence, Linn fails to assert a basis for federal jurisdiction. The Supreme Court has not clarified the methodology for determining whether a state has created a federally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979); *Bd. of Pardons v. Allen*, 482 U.S. 369, 374 (1987) (no federal liberty interest without an expectation of early release); *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (due process limited to freedom from restraint which imposes "atypical and significant hardship on inmates in relation to ordinary incidents of prison life."); *Wilkinson v. Austin*, 545 U.S. 209, 229 (2005) (*Sandin* abrogated *Greenholtz*'s methodology for establishing a liberty interest). California's parole statute does not contain mandatory language giving rise to a protected liberty interest in parole under the mandatory-language approach

1  announced in *Greenholtz*. *In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's parole
2  scheme is a two-step process that does not impose a mandatory duty to grant life inmates parole
3  before a suitability finding). Furthermore, continued confinement under an indeterminate life
4  sentence does not impose an "atypical or significant hardship" under the *Sandin* analysis because a
5  parole denial does not alter an inmate's sentence, impose a new condition of confinement, or
6  otherwise restrict his liberty while he serves his sentence. Thus, Respondent asserts that Linn does
7  not have a federal liberty interest in parole under either *Greenholtz* or *Sandin*. Respondent
8  acknowledges that in *Sass v. California Board of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006), the
9  Ninth Circuit held that California's parole state creates a federal liberty interest in parole under
10 *Greenholtz*'s mandatory-language analysis, but preserves the argument.

   8.  Respondent affirmatively alleges that even if Linn has a federal liberty interest in parole, he received all due process to which he is entitled under clearly established federal law because he was provided with an opportunity to be heard and a statement of reasons for the Board's decision.. *Greenholtz*, 442 U.S. at 16.

   9.  Respondent denies that the some-evidence test is clearly established federal law in the parole context.

   10. Respondent denies that the Board is precluded from considering the circumstances of a prisoner's commitment offense when determining parole suitability.

   11. Respondent denies that the Board's 2006 parole denial violated Linn's federal due process rights.

   12. Respondent denies that an evidentiary hearing is necessary in this matter, as the claims presented can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999).

   13. Respondent denies that Linn is entitled to the setting of a parole date. Any remedy is limited to the process which is due, which is a new Board hearing comporting with due process. *See Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (a liberty interest in parole is limited by the Board's exercise of discretion, and a due process error does not entitled an inmate to

1  a favorable parole decision).

2  14. Respondent affirmatively alleges that Linn fails to state or establish any grounds for habeas
3  corpus relief.

4  15. Except as expressly admitted in this answer, Respondent denies the allegations of the
5  petition.

## MEMORANDUM OF POINTS AND AUTHORITES

### INTRODUCTION

Under AEDPA, a federal court may not grant a writ of habeas corpus unless the state court's adjudication was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2). Here, Linn claims that the Board's 2006 parole denial violated his due process rights. However, Linn merely alleges a disagreement with the Board's analysis, and fails to establish that the state court decisions denying his due process claims were contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or were based on an unreasonable determination of the facts. As such, Linn does not provide any grounds for federal habeas relief, and the petition must be denied.

### ARGUMENT

**THE STATE COURTS' DENIALS OF PETITIONER'S HABEAS CLAIMS WERE NOT CONTRARY TO OR AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW, NOR BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS.**

When, as here, the California Supreme Court denies a petition for review without comment, the federal court must look to the last reasoned decision as the basis for the state court's judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-804 (1991). Here, however, there is no reasoned decision on the merits to guide this Court's review. As such, this Court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006). Independent review of the record is not de novo

Ans. to Pet.; Mem. of P. & A.                                                                                          *Linn v. Curry*
                                                                                                                       C08-0243 JSW

review, and reviewing courts must give the state court decisions the "benefit of the doubt" and assume that the state courts decided all issues presented to them. *Ibid.*; *Himes v. Thompson*, 336 F.3d 848, 854 (9th Cir. 2003).

An independent review of the record reveals that the state courts' decisions denying Linn's habeas claims were not objectively unreasonable. Because these decisions were neither contrary to, or an unreasonable application of, clearly established federal law, nor based on an unreasonable interpretation of the facts, the provisions of AEDPA mandate that Linn's petition be denied. 28 U.S.C. §2254(d)(1-2).

### A. Linn Fails to Demonstrate That the State Court Decisions Were Contrary to Clearly Established Supreme Court Law.

The first standard of AEDPA is that a state court habeas decision may not be overturned unless it is contrary to, or involves an unreasonable interpretation of, clearly established federal law. "Clearly established federal law" refers to "the holdings, as opposed to the dicta, of [the United States Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412 (2000). As such, for purposes of AEDPA, "[w]hat matters are the holdings of the Supreme Court, not the holdings of lower federal courts." *Plumlee v. Masto*, 512 F.3d 1204, 1210 (9th Cir. 2008).

The only case in which the Supreme Court has addressed the process due in state parole proceedings is *Greenholtz*, 442 U.S. 1. In *Greenholtz*, the Supreme Court held that due process is satisfied when the state provides an inmate with an opportunity t be heard and a statement of the reasons for the parole decision. *Id.* at 16. "The Constitution does not require more." *Id.*[1] Thus, as a matter of clearly established federal law, a challenge to a parole decision will fail if the inmate has received the protections required under *Greenholtz*. See *Maynard v. Cartwright*, 486 U.S. 356,

---

1. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level of process due for inmates being considered for release on parole includes an opportunity t be heard and notice of any adverse decision" and noted that although *Sandin* abrogated *Greenholtz*'s methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its] discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

361-62 (1998); *Austin*, 545 U.S. 209, (2005). Because Linn received both of these protections, and does not argue otherwise, he received all process due under clearly established Supreme Court law.

Linn alleges that in order to comport with federal due process, the Board's decision must be supported by some evidence. However, there is no clearly established federal law applying this standard to parole decisions. The Supreme Court has held that under AEDPA, a test announced in one context is not clearly established federal law when applied to another context. *Wright v. Van Patten*, ___ U.S. ___, 128 S. Ct. 743, 746-47 (2008); *Schriro v. Landrigan*, ___ U.S. ___, 127 S. Ct. 1933 (2007); *Carey v. Musladin*, ___ U.S. ___, 127 S. Ct. 649, 652-54 (2006); *see also Plumlee*, 512 F.3d at 1210; *Stenson v. Lambert*, 504 F.3d 873, 881 (9th Cir. 2007); *Foote v. Del Papa*, 492 F.3d 1026, 1029-30 (9th Cir. 2007); *Crater v. Galaza*, 491 F.3d 119, 1126, n. 8 (9th Cir. 2007); *Nguyen v. Garcia*, 477 F.3d 716, 718, 727 (9th Cir. 2007). The Supreme Court developed the some-evidence standard in the context of a prison disciplinary hearing, which is fundamentally different situation than a parole proceeding.[2] *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Because, under AEDPA, the tests and standards developed by the Supreme Court in one context cannot be transferred to distinguishable factual circumstances, it is not appropriate to apply the some-evidence standard of judicial review to parole decisions.

Thus, the Ninth Circuit's application of the some-evidence standard to parole decisions is improper under AEDPA. *See, e.g., Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007); *Sass*, 461 F.3d at 1128; *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2005). Circuit courts may not import a federal standard used for one set of circumstances into an entirely different set of circumstances under the guise of "clearly established federal law." Moreover, AEDPA does not permit relief based on circuit

---

2. In *Greenholtz*, 442 U.S. at 14, the Supreme Court specifically distinguished a parole consideration hearing from a prison disciplinary hearing, stating that "[p]rocedures designed to elicit specific facts, such as those required in *Morrissey, Gagnon*, and *Wolff* are not necessarily appropriate" in the parole determination context, as a parole hearing is a unique, non-adversarial proceeding that is by its very nature subjective. *See Morrissey* 408 U.S. 471 (1972) (establishing process due in parole revocation hearings); *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (establishing process due in probation revocation hearings); *Wolff v. McDonnell*, 418 U.S. 539 (1974) (establishing process due in prison disciplinary hearings).

Ans. to Pet.; Mem. of P. & A.    *Linn v. Curry*
C08-0243 JSW

caselaw. *Crater*, 491 F.3d at 1123, 1126 ( U.S. C. § 2254(d)(1) renders decision by lower courts non-dispositive for habeas appeals); *Earp v. Ornoski*, 431 F.3d 1158, 1182 (9th Cir. 2005) ("Circuit court precedent is relevant only to the extent it clarifies what constitutes clearly established law . . . . Circuit precedent derived from an extension of a Supreme Court decision is not clearly established federal law as determined by the Supreme Court"); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000). Therefore, the Ninth Circuit's use of the some-evidence standard in the parole context is not clearly established federal law and is not binding on this Court.

Similarly, Linn's additional claim that the Board's reliance on the immutable factor of his commitment offense violates due process finds no support in Supreme Court precedent. Although the Ninth Circuit has suggested that this might amount to an additional due process claim, *Biggs*, 334 F.3d at 917, no clearly established federal law provides that the Board cannot base a parole denial on the factors of an inmate's commitment offense or criminal history. Moreover, the Supreme Court has never held that after a certain period of time, a criminal's past behavior is no longer predicative of his future actions.

In sum, the only clearly established federal law setting forth the process due in the parole context is in *Greenholtz*. Linn does not allege that he failed to receive these protections. Thus, he has not shown that the state court decisions denying habeas relief were contrary to clearly established federal law.

**B.  Linn Fails to Demonstrate that the State Courts Unreasonably Applied Clearly Established Federal Law**

Habeas relief may be granted based on AEDPA's unreasonable-application clause only where the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the fact of the particular state case. *Williams*, 529 U.S. at 406. The petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at 410; *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Respondent recognizes that the Ninth Circuit applies the some-evidence standard as clearly established federal law, but even accepting that premise, Linn is not entitled to federal habeas relief. The some-evidence standard "does not require examination of the

1 | entire record, independent assessment of the credibility of witnesses, or weighing of the evidence;" rather, it is satisfied if there is "*any* evidence in the record that could support the conclusion made by the [initial decision-maker]." *Hill*, 472 U.S. at 455-57 (emphasis added); *see also Sass*, 461 F.3d at 1129 ("*Hill's* some evidence standard is minimal").

The facts of *Hill* demonstrate how little evidence is required to satisfy the some-evidence standard. In *Hill*, three inmates were seen jogging in the opposite direction of an inmate who had been injured. 472 U.S. at 448. There were no eyewitnesses to the attack and the injured inmate swore that the other three had not caused his injures, but the prison disciplinary board nonetheless found the three inmates guilty of assault. *Id.* at 447-48. The Supreme Court affirmed that some evidence supported the guilty finding, stating that "[a]lthough the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* at 457. Thus, *Hill* demonstrates that the some-evidence standard is very minimal, and will be satisfied with only a "modicum of evidence." *Id.* at 450.

Here, there is at least a "modicum of evidence" to support the Board's findings that Linn's commitment offense was especially heinous, and that he needed to better explore the causative factors of his crime and participate in self-help before he can be safely released to society. (Ex. A, State Habeas Pet., Ex. 1, 2006 Parole Consideration Hearing, at 112-122.) Linn and his co-defendant robbed three men at gunpoint, and when one of the victims tried to run away, Linn's co-defendant shot the victim in the back, killing him. (*Id.* at 8-14.) Linn admitted that he and his co-defendant had previously robbed people at gunpoint, and that his co-defendant had shot someone during this prior robbery. (*Id.* at 15.) Linn further admitted that he committed the crime to support his drug habit. (*Id.* at 21.) Under California law, the presence of multiple victims, a trivial motive, and an offense which demonstrates an exceptionally callous disregard for human suffering are all factors which tend to indicate unsuitability for parole. Cal. Code Regs. tit. 15, § 2402(c)(1). Moreover, the Board noted that Linn had not participated in any self-help outside of Narcotics Anonymous since 2003, and that his presentation left the Board members with some serious questions about Linn's insight and

1  understanding of the circumstances which led to the murder. (*Id.* at 114-115); *see* Cal. Code Regs. tit. 15, § 2402(b) (information to be considered by the Board includes any and all information which bears on the prisoner's suitability for release, including past and present attitude toward the crime). Because some evidence supports each of the factors cited by the Board as evidence of parole unsuitability, the state court decisions upholding the Board's parole denial do not involve an unreasonable application of clearly established federal law.[3]

### C. Linn Fails to Demonstrate that the State Court Decisions Were Based on an Unreasonable Determination of the Facts.

The second standard under AEDPA is that a state court habeas decision must be based on a reasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). The state court's factual determinations are presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Juan H. v. Allen*, 408 F.3d 1262, 1270 (9th Cir. 2005). Linn fails to do so, as some evidence in the record supports the Board's finding. Furthermore, he does not provide any evidence to show that the Board's determination of parole suitability violated federal due process. Linn may disagree with the Board's analysis, but that is not sufficient to prove that the state courts' decisions to deny habeas relief were objectively unreasonable. Thus, because Linn fails to show that the state courts' factual determinations were unreasonable under AEDPA standards, the petition must be denied.

///

///

///

---

3. Linn implies that it was improper for the Board to consider the circumstances of the murder, since it was Linn's co-defendant who committed the actual shooting. However, this claim fails to raise a federal question, as the way in which particular offenses are evaluated by parole boards is one of state law. Moreover, under California law, "when an accomplice chooses to become a part of the criminal activity of another, she says in essence, 'your acts are my acts,' and forfeits her personal identity." *In re Bettencourt*, 156 Cal. App. 4th 780, 800 (2007).

Ans. to Pet.; Mem. of P. & A.                                                    *Linn v. Curry*
                                                                                  C08-0243 JSW

# CONCLUSION

In order for this Court to grant habeas relief, Linn must prove that the state court holdings were contrary to, or an unreasonable application of, clearly established federal law—not Ninth Circuit dicta—or that the decisions were based on an unreasonable interpretation of the facts. Linn fails to make such a showing. First, he received all the protections provided in *Greenholtz*, the only clearly established federal law regarding the process due at parole consideration hearings. Second, the some-evidence standard does not apply to Linn's case; however, even if it did, the Board's decision is supported by some evidence of parole unsuitability. For these reasons, Respondent respectfully requests that the petition for writ of habeas corpus be denied.

Dated: July 7, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

AMBER N. WIPFLER
Deputy Attorney General

Attorneys for Respondent Warden B. Curry

20119929.wpd
SF2008401588

Ans. to Pet.; Mem. of P. & A.

*Linn v. Curry*
C08-0243 JSW

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Linn v. Curry**

No.:   **C08-0243 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>July 7, 2008</u>, I served the attached

### ANSWER TO THE ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES EXHIBITS VOL. I (A-B) AND VOL. II (C-F)

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Robert Linn
C-82285
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689
   *In Pro Per*
   *C-82285*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 7, 2008, at San Francisco, California.

|   |   |
|---|---|
| S. Redd | /s/ Redd |
| Declarant | Signature |

20120202.wpd