# EXHIBIT  F

Robert J. Linn, C-82285
P. O. Box 705, WA-326L
Soledad, CA 93960-0705

---

## IN THE SUPREME COURT OF CALIFORNIA

| | |
|---|---|
| In the matter of ) | Case No. |
| ) | |
| ROBERT J. LINN ) | **REQUEST FOR REVIEW** |
| ) | |
| On Habeas Corpus. ) | (Fourth App. Ct. No. E043620) |
| _____ ) | (Riverside Sup. Ct. No. RIC 474260) |

TO THE HONORABLE CHIEF JUSTICE OF THE CALIFORNIA SUPREME

COURT AND THE ASSOCIATE JUSTICES OF THE COURT:

Robert J. Linn, petitioner herein, respectfully requests

review following the decision of the Court of Appeal, Fourth

Appellate District, filed on July 30, 2007 and received on

August 2, 2007, denying his petition for writ of habeas corpus.

A copy of the denial from the court of appeal is attached hereto

as Exhibit A.

1

I

## QUESTIONS FOR REVIEW

This case presents the following questions for review:

1. Is it a due process violation for the Board to deny parole without supporting evidence that the prisoner's offense was particularly egregious?

2. Is it a due process violation for the Board to deny parole without supporting evidence that the offense contained elements or aggravating facts beyond the minimum necessary to sustain a conviction for first degree murder?

3. Is it a due process violation for the Board to deny parole without supporting evidence that the prisoner currently poses an unreasonable risk of danger or poses a threat to public safety?

4. Is it a due process violation for the Board to rely on unchanging factors to deny a prisoner parole?

II

## NECESSITY FOR REVIEW

This case presents questions of law of first impression that are of statewide importance.

This court's decision in *In re Rosenkrantz* (2002) 29 Cal.4th 616, holds that a Board of Parole Hearings decision violates due process and must be reversed if there is not "some evidence" in the record to support it. This court's decision in *In re Dannenburg* (2005) 34 Cal.4th 1061, holds that although parole may in some cases be denied on the basis of the crime, the Board must cite some evidence to support a finding that there were aggravating facts beyond the minimum necessary to sustain a conviction of first degree murder. The Board must also cite some evidence that indicates a parolee's release unreasonably endangers public safety.

The Board of Parole Hearings [hereafter Board] has totally ignored the mandates of this Court and the laws and regulations that govern it. The Courts in this state have allowed this abrogation of the law to go unchallenged. Petitioner would ask "What good are the California Supreme Court decisions if the courts in this state ignore or refuse to abide or enforce the precedents?"

## III

## JURISDICTION OF THE COURT

Petitioner has exhausted all lower court remedies. Thus, petitioner having been placed in jeopardy and danger of irreparable harm, this court has jurisdiction. (*Employees Association v. City of Glendale*, 15 Cal.3d 328, 342 (1975).)

There is no issue of "comity" since both state and federal due process standards are offended. This is particularly true since the California standard of due process is more stringently protective of the individual. (*People v. Ramirez*, 25 Cal.3d 260 (1979).)

## IV

## HISTORY OF THE CASE

Petitioner plead guilty to first degree murder on April 19, 1983 and was sentenced to a term of 25 years-to-life on February 22, 1984. On December 19, 2006, petitioner's seventh parole suitability hearing was conducted and he was found unsuitable and denied parole for a period of one year. On April 29, 2007, petitioner filed a petition for Writ of Habeas Corpus in the Superior Court for the County of Riverside. On June 29, 2007,

3

the petition was denied.  On July 15, 2007, petitioner filed a
petition for Writ of Habeas Corpus in the Court of Appeal,
Fourth Appellate District.  On August 2, 2007 petitioner
received the denial from the Fourth Appellate District.

## V

### ARGUMENT

1.  **Is it a due process violation for the Board to deny parole without supporting evidence that the prisoner's offense was particularly egregious?**

The Court's decision in *Rosenkrantz* holds that a Board's
parole decision violates due process and must be reversed if
there is not "some evidence" in the record to support it.  Also,
although parole may in some cases be denied on the basis of the
crime, there must be evidence to support a finding that the
crime was particularly egregious.  (*In re Rosenkrantz* (2002) 29
Cal.4th 616, 683.)

In petitioner's case, as in all Boards decisions, the
commitment offense is the evidence relied on by the Board to
support a finding that the crime was particularly egregious.
That is to say in the eyes of the Board all indeterminate
sentenced prisoner's committed particularly egregious crimes.
Petitioner would submit that all indeterminate offenses could be
considered egregious, yet not all of them could be classified as
"particularly" so.  But that is precisely what the Board has
done.  Petitioner would contend that if all indeterminate
offenses are particularly egregious, then none are particularly
egregious.

4

This Court has held "[S]ole reliance on the commitment offense might, in particular cases, violate section 3041, subdivision (a)'s provision that a parole date 'shall normally be set' under 'uniform term' principles, and might thus also contravene the inmate's constitutionally protected expectation of parole. We explained that such a violation could occur, 'for example[,] where no circumstances of the offense reasonable could be considered more aggravated or violent that the minimum necessary to sustain a conviction for that offense.' (*Rosenkrantz, supra,* 29 Cal.4th 616, 683.) Quoting *Ramirez, supra,* 94 Cal.App.4th 549, 570, we suggested that, in order to prevent that parole authority's case-by-case suitability determination from swallowing the rule that parole should 'normally' be granted, an offense must be '*particularly egregious*' to justify the denial of parole. (*Rosenkrantz, supra,* at 683.)" (*In re Dannenberg* (2005) 34 Cal.4th 1061, 1094-1095, italics added.)

The Board may deny parole if a defendant committed his crime "in an *especially* heinous, atrocious or cruel manner." (Cal. Code Regs., tit. 15, § 2402, subd. (c)(1), italics added.) The measure of atrociousness is not general notions of common decency or society norms, for by that yardstick all murders are atrocious. (See *In re Scott,* (2004) 119 Cal.4th 871, 891 ["'[A]ll second degree murders by definition involve some callousness – i.e., lack of emotion or sympathy, emotional insensitivity, indifference to the feelings and suffering of others'"].) Rather, the inquiry is whether among murders the

one committed by petitioner was particularly heinous, atrocious

or cruel.  (*In re Ramirez, supra,* 94 Cal.App.4th at 570,

disapproved on another point by *In re Dannenberg, supra,* 34

Cal.4th at 1082-1083, 1100.)  By that measure, petitioner's

crime was more commonplace than egregious.

**2.    Is it a due process violation for the Board to deny parole without supporting evidence that the offense contained elements or aggravating facts beyond the minimum necessary to sustain a conviction for conspiracy to commit first degree murder?**

This Court has stated "When the Board bases unsuitability on

the circumstances of the commitment offense, it must cite 'some

evidence' of aggravating facts *beyond the minimum elements of*

*that offense.*  (*In re Rosenkrantz, supra,* 29 Cal.4th 1061, 1095,

italics in original.)

It is therefore axiomatic that the absence of such a citing

would rise to the level of a due process violation.   In

petitioner's case, and in almost every other parole

consideration hearing, hearing, the Board merely recites the

circumstances of the commitment offence to satisfy the

aggravating facts requirement.  That the Board is allowed to

propagate such a miscarriage of justice is beyond rational

explanation.  Petitioner would contend that at some point the

Board, or the Courts, will have to clarify this constitutional

vague requirement by establishing exactly what constitutes

aggravating facts.  Until then surely the Board must be required

to pay more than lip service to this Court's holding in

*Dannenberg.*

3.   **Is it a due process violation for the Board to deny parole without supporting evidence that the prisoner currently poses an unreasonable risk of danger or poses a threat to public safety?**

This court has held that "[T]he Board must apply detailed standards when evaluating whether an individual inmate is unsuitable for parole on public safety grounds. (See § 3041, subd. (b); CCR § 2402.) A prisoner may be found unsuitable for parole so long as "some evidence," which may be as little as a "modicum," supports the Board's decision. (*Rosenkrantz, supra,* 29 Cal.4th at pp. 676-677; *In re Smith*, (2003) 114 Cal.App.4th 343, 361; *In re McClendon* (2003) 113 Cal.App.4th 315, 321.)

However, as the *Lee* court held, "The test is not whether some evidence supports the *reasons* the [Board] cites for denying parole, but whether some evidence indicates a parolee's release *unreasonable endangers public safety*. (Cal. Code Regs., tit. 15, § 2402, subd. (a) [parole denied if prisoner 'will pose an unreasonable risk of danger to society if released from prison']; see *In re Scott* (2005) 133 Cal.App.4th 573, 595 ['The commitment offense can negate suitability [for parole] only if circumstances of the crime ... rationally indicates that the offender will present an unreasonable public safety risk if released from prison']); ... Some evidence of the existence of a particular factor does not necessarily equate to some evidence the parolee's release unreasonably endangers public safety." (*In re Lee*, (2006) 49 Cal.Rptr.3d 931, 936-937, italics in original.)  Thus a finding that a particular unsuitability factor applies to a prisoner does not automatically establish that he poses an unreasonable risk to public safety if released

7

on parole.

Therefore, absent a rational indication that the unsuitability factors proves or demonstrates that a prisoner is a threat to public safety the unsuitability factors fail to meet the "modicum" requirement of the "some evidence" standard.

The Board illegally concludes that if an unsuitability factor can be applied to a prisoner then this factor alone establishes proof of an unreasonable risk to public safety if he/she is released on parole.  This is not what the Legislature intended when it enacted Penal Code section 3041 (a) and (b).

The record in this case establishes that petitioner does not pose an unreasonable risk to public safety.  Any contrary conclusion lacks any evidentiary support.

**4.  Is it a due process violation for the Board to rely on unchanging factors to deny a prisoner parole?**

In the circumstances of this case, the Board's continued reliance upon the nature of petitioner's crime to deny him parole in 2006 violates due process.

In finding petitioner unsuitable at his eighth parole suitability hearing, the panel relied exclusively on an unchanging factor: the commitment offense.  In *Biggs*, the Ninth Circuit stated that the Board was "*initially* justified" in finding Mr. Biggs unsuitable based on the circumstances of the offense and his conduct prior to imprisonment.  The Ninth Circuit added that "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitation goals

8

espoused by the prison system and could result in a due process violation." (*Biggs v. Turhune,* 334 F.3d 910, 917 (9th Cir. 2003).)

The Ninth Circuit Court of Appeals has articulated when the reliance on unchanging factors, i.e. the reliance on the commitment offense to deny parole, triggers a violation of the Due Process Clause of the Fifth Amendment of the United States Constitution. The Ninth Circuit held, "We note that in all the cases in which we have held that a parole Board's decision to deem a prisoner unsuitable for parole solely on the basis of his commitment offense comports with due process, the decision was made before the inmate had served the minimum numbers of years to which they have been sentenced at the time of the challenged parole denial by the Board. *Biggs, Sass,* and here, the petitioners had not served the minimum numbers of years to which they had been sentenced at the time of the challenged parole denial by the Board. *Biggs,* 334 F.3d at 912; *Sass,* 461 F.3d 1125. All we held in those cases and all we hold today, therefore, is that, given the particular circumstances of the offenses in these cases, due process was not violated when these prisoners were deemed unsuitable for parole prior to the expiration of their minimum terms." (*Irons v. Carey,* 479 F.3d 658 (9th Cir. 2007).)

Petitioner was sentenced to a term of 25 years to life. At the time of the 2006 parole hearing, petitioner had served a total of 25 years 11 month (excluding 8 years 7 months of earned good time and work time credits). Petitioner had exceeded the

minimum number of years threshold articulated in *Irons*. Based
on the holding of the Ninth Circuit Court in *Irons,* the Board
violated petitioner's due process right by deeming him
unsuitable for parole based on the commitment offense.

Because there is no reliable evidence supporting the
conclusion that petitioner is unsuitable for parole, and the
Ninth Circuit Court's holding in *Irons*, the Board's
determination of unsuitability violated petitioner's due process
rights. (*Hill,* 472 U.S. at 455.)

Therefore, according to this Court, the Board must follow
and apply the factors specified by statute and regulation in
determining that the circumstances of the commitment offense
were "particularly egregious" and cite aggravating facts that
were beyond the minimum elements of the offense and support
these determinations with "some evidence" in the record. The
Board must also cite "some evidence" that reliably and
rationally indicates a prisoner's release would unreasonably
endanger public safety.

A cursory review of the record in this case demonstrates
that the Board's decision was unreasonable under the applicable
"some evidence" rule. The record simply does not contain *any*
evidence that petitioner's first degree murder was *particularly*
*egregious.* Nor does the record contain *any* evidence that
petitioner is currently a threat to society. Given that both
findings are required by California law, there is *zero* evidence
in the record to support the Board's decision.

CONCLUSION

10

All murders represent the bases form of human behavior.  Our laws, however, provide for mechanisms by which even murderers, in limited circumstances, are entitled to be paroled.  The judiciary has an obligation to execute those laws.  The record establishes that petitioner does not pose an unreasonable risk of danger or poses a threat to public safety.  Any contrary conclusion lacks any evidentiary support.

For the foregoing reasons, it is respectfully requested that this petition for review be granted in the interest of justice to address the important questions of law of a statewide importance.

DATE:  August 3, 2007                    Respectfully submitted,


                                         Robert J. Linn
                                         Petitioner, In Pro Per

11

EXHIBIT
A

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

**ORDER**



FILED
JUL 3 0 2007
COURT OF APPEAL FOURTH DISTRICT

In re ROBERT J. LINN
on Habeas Corpus.

E043620

(Super.Ct.No. RIC474260 &
CR18380)

The County of Riverside

THE COURT

The petition for writ of habeas corpus is DENIED.

MILLER
_____
Acting P.J.

cc:    See attached list


COPY

LINN, ROBERT J.

| TO: | Jeanne Hogg/Hiawatha Kendricks DOCKETING |
|---|---|

| FROM: | Anya Binsacca<br>Supervising Deputy Attorney General<br>State of California Department of Justice<br>Office of the Attorney General<br>Correctional Law Section<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-7004 |
|---|---|

| DATE: | PHONE: 415-703-5713 |
|---|---|
| 7/18/07 | CALNET: 8-593-5713 |

RE:   Miscellaneous pending

MESSAGE/REMARKS:

Linn, Robert J.
4DA1

