Robert J. Linn
CTF - Central, C-82285, GW-219
P. O. Box 689
Soledad, CA 93960-0689

Petitioner, In Pro Per

**FILED**

JUL 3 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of<br><br>Robert J. Linn<br><br>On Habeas Corpus. | C08-0243 JSW<br><br>TRAVERSE TO ANSWER TO PETITION<br>FOR HABEAS CORPUS |

TO THE HONORABLE JUDGE JEFFREY S. WHITE OF THE UNITED STATES DISTRICT COURT:

### EXCEPTION

The respondent failed to set forth sufficient facts or law to show cause why the relief in the petition should not be granted.

Petitioner realleges and incorporates by reference herein all the allegations and contentions set forth in the original petition.

1

This traverse is based on the supporting memorandum of law, memorandum of points and authority, the pleadings, the records, and the files in this case.

## DENIAL

Petitioner denies all the allegations except 4 and 5, and acknowledges in part to the allegation in 3 contained in Argument of the Answer To Petition For Writ Of Habeas Corpus [hereinafter Answer].

### I

Respondent argues that the petitioner has only served twenty-two years of his sentence and that his continued incarceration is lawful.

Petitioner has been in custody since the day of his arrest on January 8, 1981. Petitioner had served 25 years 11 months at the time of his 8th Subsequent Parole Consideration Hearing on December 19, 2006. The court awarded Petitioner the preconviction time served and the good/work time credits that he earned. (Federal Habeas Corpus, Attachment 3, Exhibit 3, Abstract of Judgment [hereinafter all reference to Exhibits are to Attachment 3 of the Habeas Corpus unless otherwise specified])

Petitioner has a liberty interest right to good time credit earning. (15 CCR § 2410; P.C. §§ 2931(a) and 3041 et. seq; and Hill, supra, 742 U.S. 453-455, citing Wolff v. McDonnell, supra, 418 U.S. 539, [holding due process requires procedural protection before a prison inmate can be deprived of a protected liberty interest in good time credits]) With Petitioner's preconviction credit and 15 CCR § 2410 good/work time credits (approximatly 102 months credit) proactively applied to the 25 years 11 months

2

actual time already served, he has served an adjusted term of 34 years 5 months.

Petitioner plead guilty to his crime and was sentenced to a term of 25 years to life. According to the record before the Board, Petitioner had exceeded the minimum number of years threshold. (Irons v. Carey, 479 F.3d 685 (9th Cir. 2007))

The statute and regulations provide, the record before the Board must tend to prove the existence of some factor which is relevant to the ultimate finding before parole can be denied--released of the prisoner on parole would create an unreasonable risk to public safety. In the petitioner's case, the record establishes that Petitioner does not pose an unreasonable risk to public safety. Any contrary conclusion lacks any evidentiary support

Under federal law, the United States Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." (Irons v. Carey, 479 F.3d 658,662 (9th Cir. 2007) [applying "some evidence" standard used for disciplanary hearings as outlined in Superintendent v. Hill, 472 U.S. 445-455 (1985)]; Seealso Irons v. Carey, 505 F.3d 846, at 851, 2007 WL 2027359, at *3 (9th Cir. 2007) (quoting Hill, 472 U.S. at 457; Sass, 461 F.3d at 1128-1129); McQuillion, 306 F.3d at 904 [same]). The evidence underlying the Board's decision must also have "some indicia of reliability." (McQuillion, 306 F.3d 904; Biggs, 334 F.3d at 915). The some evidence standard identified in Hill is clearly established federal law in the parole context for purposes of 28

3

U.S.C. § 2254(d) (federal habeas corpus). (See <u>Sass</u>, 461 F.3d at 1128-1129)

No evidence demonstrates Petitioner to be a current and unreasonable threat to the public. Petitioner has served an exemplary term of incarceration eleven (11) months beyond the minimum number of years of his prison sentence (excluded 9 years of earned good time and work time credits) and is entitled to parole. (<u>Irons v. Carey</u> (9th Cir. 2007) 505 F.3d 853-854, <u>en banc</u> denied 506 F.3d 951) Therefore, Petitioner's continued incarceration is unlawful.

## II

Respondent argues that the petition should be denied because petitioner failed to state a prima facie case for habeas relief.

The record in this case contains absolutely <u>no evidence</u> that meets either of the two unsuitability requirements: 1.) The first degree murder at issue was more cruel or vicious then the ordinary first degree murder; 2.) that the petitioner would likely pose a current risk to public safety if released. The record establishes that petitioner's crime was not "particularly egregious" and that he dose not pose an unreasonable risk to public safety. Any contrary conclusion lacks any evidentiary support. Thus, there can be little doubt that the Board violated the applicable laws and regulations when it found petitioner unsuitable for parole.

Because there is no evidence to support the Board's conclusion that Petitioner is unsuitable for parole, that determination violates due process. See <u>Hill</u>, 472 U.S. at 445. The state court's determination to the contrary was based upon an unreasonable determination of the facts in light of the evidence

4

presented during the parole hearing and that determination amounted to an idle and unreasonable application of clearly established Supreme Court precedent. See Hill, 472 U.S. at 455. (Rosenkrantz v. Marshall, (C.D. Cal. 2006) 444 F. Supp. 2d 1063, 1084; Martin v. Marshall, supra, 431 F. Supp. 2d 1043, 1046-1047)

The Riverside Superior Court provided no reasonable explanation why relief was not granted. In what way did petitioner not state a prima facie case. First, what were the courts' conclusions based upon?; second, what facts did the petitioner fail to state or present?; and third, what was not backed by the record? Petitioner did provide the California state courts with a record that proved the Board failed to follow the statute and regulations. Petitioner asserts that the record before the state courts are before this court and provides evidence that the Board failed to follow the established state and federal laws. What is in the record that makes Petitioner's commitment offense more aggravated or violent then the minimum necessary to sustain a conviction for his offense? (Rosenkrantz, supra, 29 Cal.4th 616,683) At what point beyond Petitioner's minimum will the California courts come to recognize an unchanging factor? Petitioner asserts, the Irons court's intention was, that once the petitioner reached his minimum,which in the petition's case is twenty-five years. Even if the petitioner,s crime was egregious enough to supply some evidence under Dannenberg initially, the crime is now to old to satisfy the federal some evidence requirements under Irons v. Carey. (In re Lawrence, supra, 150 Cal.App.4th 1552-1553 and, generally, 1539-1540, 1552-1562) There is absolutely no evidence in the record that the petitioner's

5

release would endanger public safety.

The Board and Governor has totally ignored the mandates of California Supreme Court and laws and regulations that govern it. The California courts have allowed this abrogation of the laws to go unchallenged.

Petitioner stated a prima facie case for habeas relief. Petitioner alleges that the California courts ignored or refused to abide or enforce the precedents.

### III

Respondent argues that the petitioner's Court of Appeal Habeas Corpus and Request for Review in the California Supreme Court were denied summarily to the Riverside Superior Court's denial.

Petitioner acknowledges to these court denials. However, Petitioner realleges the same as in number two (2) of the response to the Answer. Both of these courts ignored or refused to abide or enforce the precedents. Petitioner received silent denials from both of these courts. Petitioner denies that his petition was given a reasonable application of clearly established Supreme Court precedent.

### IV

Petitioner admits to Respondent's Answer.

### V

Petitioner admits to Respondent's Answer.

### VI

Respondent argues that the petitioner failed to make a case under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. §2254.

6

The state court decisions that are challeged are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

United States Supreme Court law is clearly established: A Board's decision, like a prisoner disciplinary board's decision, deprives a prisoner of due process if it is not supported by "some evidence" or "otherwise arbitrary." (Superintendent v. Hill, 472 U.S. 445, 457; See McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002). "If a state court's decision that a parole board's determination is both supported by "some evidence" and not "otherwise arbitrary" constitutes an unreasonable application of Hill, the court decision must be reversed under AEDPA and the writ must be granted. (Sass v. Cal. Board of Prison Terms, 461 F.3d 1123 (9th Cir. 2006))

The state court denials of habeas corpus relief were contrary to and involved an unreasonable application of, clearly established United States Supreme Court law, and those denials were based on an unreasonable interpretation of the evidence presented. Petitioner therefore, is entitled to relief under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) 28 U.S.C. § 2254.

### VII

Respondent argues Petitioner does not have a federally protected liberty interest in parole and has no basis for federal jurisdiction, and that Petitioner's continued confinement does not impose an unusual or significant hardship. Respondent also argues that it is not mandatory that the Board grant parole.

7

California's parole scheme uses mandatory language and is similar to the schemes in <u>Allen</u> and <u>Greenholtz</u> which the Supreme Court held gave rise to a protected liberty interest in release on parole. In California, the panel or board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of public safety requires a more lengthy period of incarceration for this individual, and that a parole date, cannot be fixed at this meeting." (Penal Code § 3041(b)) Under the clearly established frame work of <u>Allen</u> and <u>Greenholtz</u>, "California's parole scheme gives rise to a cognizable liberty interest in release on parole." (<u>Sass v. Cal. Bd. Of Prison Terms</u>, 461 F.3d 1123, 1127 (9th Cir. 2006) [quoting <u>McQuillion v. Duncan</u>, 306 F.3d 895, 902 (9th Cir. 2002)]) Moreover, this "liberty interest is created not upon the granting of a parole date, but upon the incarceration of the inmate." (<u>Id</u>. [quoting <u>Biggs v. Terhune</u>, 334 F.3d 910, 915 (9th Cir. 2003), footnote omitted]) The scheme requires that parole release be granted unless the statutorily defined determination (that the record before the Board indicates that the prisoner's release would unreasonably endanger public safety) is made. (<u>Id</u>.; <u>Biggs</u>, 334 F.3d at 915-916 [finding initial refusal to set parole date for prisoner with twenty-five years to life sentence implicated prisoner's liberty interest]) In sum, the structure of California's parole scheme - with its mandatory language and substantive predicates - gives rise to a federally protected liberty in parole such that petitioner has a federal right to due process in parole

8

proceedings.

    Petitioner does have a federally protected liberty interest in parole and a basis for federal jurisdiction. Petitioner is entitled to have his parole application "duly considered" based upon an individual consideration of all <u>relevant</u> factors. And where there is no evidence in the record, the Board must grant the prisoner parole. Therefore, the confinement of petitioner is unlawful and does create an unusual and significant hardship on the petitioner.

### VIII

    Respondent argues Petitioner received all due process entitled under established federal law because he was provided with an opportunity to be heard and a statement of the reasons for the Board's decision were provided to him.

A.    The fact that the Board failed to weigh the gravity of the petitioner's commitment offense at his 8th Subsequent Parole Consideration Hearing, after he has been incarcerated for over a quarter century, clearly demonstrates Petitioner did not receive due process rights to be free from an arbitrary decision. (Exhibit 1, Hearing Transcript [hereinafter HT] 113:20-27, 114:1-4) First, Petitioner must emphasizes on the Facts: 1.) Petitioner plead guilty and that there was not a court trial; 2.) the Probation Officer's <u>Summary of Crime</u> is based on the Riverside County Sheriff's preliminary field investigation report; which, Petitioner alleges, an unlicensed Spanish English interpreter was used for gathering statements at the crime scene. (Exhibit 2, pp. 3-4, Probation Officer's Report [hereinafter POR]); and 3.) Petitioner's version of the events to his crime are true and his

9

sworn testimony before the Board has never varied throughout his eight parole hearings. Prisoner's Presentation 15 CCR §§ 2236, 2249. (Exhibit 26, pp. 1-2, Prisoner's Version; See also Exhibit 1, HT 9:13-27, 10-14:1-9, Petitioner,s sworn testimony before the Board)

It is admitted California Statute provides that, the Board does not have to accept the prisoner's version as true. However, these same provisions also provide that, the Board cannot try or litigate the crime. At the beginning of the petitioner's hearing his attorney introduced evidence disputing the POR's <u>Summary of Crime</u>, 15 CCR § 2249. (Exhibit 28, Exception To The Statement of Facts) Petitioner's attorney objected to the board's use of the POR as the Statement of Facts (Exhibit 1, HT 7:24-27) The Board is relying on the POR's <u>Summary of Crime</u> as evidence to another version of Petitioner's crime. Under clearly established California law a Probation Officer's Report is not evidence (See Exhibit 28, p. 2)

At Petitioner's eighth Parole Consideration Hearing the Board used the commitment offense as the basis in fact to find him unsuitable for parole. (Superior Court Habeas Corpus, Argument A, subsections 1, 2, and 3, pp. 9-15) And as the record reveals, they fail to weigh the gravity of the petitioner's 26 year old crime (Exhibit 1, HT 113:20-26, 114:1-4) The Board's own statement contradicts its Decision. First, they "struggle" and cannot conclude on what the petitioner's role in the crime was and refused to decide either way, simply stating "Somewhere, the truth lies between both of those scenarios." Basically, claiming two versions. Then they use the commitment offense to deny Petitioner

10

Parole.

The Ninth Circuit Court of Appeals held that California prisoners have a liberty interest in parole. This interest arises as a result of California Penal Code § 3041 (b), which provides that at a parole consideration hearing, the Board "<u>shall</u> set a release date unless it determines that the gravity of current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration." Cal. Penal Code § 3041 (b). (<u>Sass</u>, 461 F.3d 1127-1128.)

If this were the petitioner's first, second, or even his third parole denial the Board's failure and refusal to weigh the gravity of his commitment offense could be excusable. Petitioner is entitled to have the gravity of his commitment offense weighed by statute and regulations. Not by vague statements such as "Somewhere the truth lies...", but by the findings of the court and other objective means. The action of the Board failed to give the petitioner a fair parole hearing.

Therefore, the Board's failure and refusal to decide (weigh) on the gravity of the petitioner's 26 year old crime, eight parole hearings later, and after he has already been in custody for over a quarter century fails to provide the petitioner with due process.

B.    By the Board's own request a new psychiatric evaluation was performed on the petitioner. (Exhibit 9, 132:17-25, past board decision, dated April 21, 2004) At the petitioner's December 19, 2006 (on habeas corpus), the Panel went over that report, which

11

was prepared by one of CDCR's own forensic experts, Dr. M. Macomber, Ph., D.,. (Exhibit 1, HT 54:17-27, 55-59; See also Exhibit 18, psychological evaluation report, dated September 6, 2005) The Panel reviewed Dr. M. Macomber's evaluation report, and then turns right around and request that another psychiatric evaluation be performed on the petitioner. (Exhibit 1, HT 113:13-18) Petitioner does not challenge the Board's endless request for new psychiatric evaluations. He only challenges the Board's subjective reasoning. (See Riverside Superior Court habeas corpus, pp. 18-22) It would seem as though the Board's reasoning is completely nonproductive and unlogical. A review of the petitioner's psychological evaluations reports spanning two decades clearly demonstrates that not a single clinician has placed psychological impediments to the petitioner being released on parole.

"The evidence must substantiate the ultimate conclusion that the prisoner's currently poses an unreasonable risk of danger to the public. It violates a prisoner's right to due process when the Board or Governor attaches significance to evidence that forewarns no danger to public safety." (Tripp, 150 Cal.App.4th at 313.) In petitioner's case (See Exhibits 11-26), when "the record provides no reasonable grounds to reject, or even challenge, the findings and conclusions of the psychologist and counselors [the inmate's] dangerousness" the Board may not do so. (Smith, 114 Cal.App.4th at 369.)

Petitioner asserts that, the Board's repeated request for psychiatric evaluations is an arbitrary act to the point that the December 19, 2006 Board decision that petitioner's release to

12

parole would unreasonably endanger public safety violated his due process rights.

C.     In the Board's decision to deny petitioner parole the Presiding Commissioner misquoted the record on two suitability factors.

First, during the hearing proceedings petitioner was asked (referring to his codefendant) "How did you know him?" Petitioner explained how they met. Exhibit 1, HT 15:14-27, 16) In the Board's decision, the Presiding Commissioner misquotes the record by stating "I want you to try to get a better grip on why you did what you did when you did it so that you can explain why you won't do it again. ...But I think it's really important for you to be able to say something more than I needed a friend and this is what I got hocked up in." (Exhibit 1, HT 118:12-20) The Panel never asked the petitioner why he committed his crime. The Presiding Commissioner clearly misquoted the facts. Second, The petitioner explained to the Board that NA and AA was not available to him for the first nine years of his sentence. (Exhibit 1, HT 50:6-11) In the Board's decision, the Presiding Commissioner stated "... the fact that you didn't participate in NA for about ten years and you're getting back into it now." (Exhibit 1, HT 115:6-11) The Presiding Commissioner misrepresented the fact. Petitioner clearly explained that these groups were not available to him at that time. The Board's decision must have a "basis in fact" rather then mis-stating the record. (In re Lowe, (2005) 31 Cal. Rptr.3d 1.)

D.     The Board's subjectively negative opinion concerning the viability of petitioner's parole plans were not some evidence in support of its conclusion that petitioner's parole release would

13

present an unreasonable endangerment to public safety. (Exhibit 1, HT 119:19-27, 120:1-4) Petitioner presented substantial documentary evidence to the Board regarding the substantial familial and community support available to him upon his parole. (Exhibit 1, HT 64:5-27, 65-70:1-23) The Board's contrary opinions are not some evidence in support of the conclusion reached because a denial of parole "may not be upheld merely because the Board has mouthed words that have been held to constitute [unsuitability] .... There must also be an adequate factual underpinning for the Board's determination." (Caswell, 92 Cal.App.4th at 1027; McQuillion, 306 F.3d at 905 [same]; Tripp, 150 Cal.App.4th at 313.) The evidence of petitioner's viable parole plans are relevant, reliable, and substantial.

The requirements of due process in the parole suitability setting are satisfied "if some evidence supports the decision." (McQuillion, 306 F.3d 904 (citing Superintendent v. Hill, 472 U.S. 445,446).); Powell v. Gomez, 33 F.3d 39,40 (9th Cir. 1994) (citing Perveler v. Estelle, 974 F.2d 1134 (9th Cir. 1992).) The evidence underlying the Board's decision must have some indicia of reliability. (Biggs v. Terhune, 334 F.3d 910, 915 (9th Cir. 2003), quoting Jancsek v. Oregon Bd. Parole, 833 F.2d 1389, 1390 (9th Cir. 1987).)

The Board failed entirely in giving the petitioner a fair parole hearing and thus failed to provide the petitioner with due process.

IX

Respondent argues that the some evidence test is not clearly established federal law in the parole context.

14

In California, the setting of a parole date for a state prisoner is conditioned on a finding of suitability. (Cal. Penal Code § 3041; Cal. Code Regs. tit. 15, §§ 2401 & 2402.) The requirements of due process in the parole suitability setting are satisfied "if some evidence supports the decision." (McQuillion, 306 F.3d at 904 (citing Superintendent v. Hill, 472 U.S. 445, 456).); Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994) (citing Perveler v. Estelle, 974 F.2d 1132, 1134 (9th Cir. 1992).) Hill's "some evidence" standard is "clearly established" federal law. (Hayward, 512 F.3d at 542; Irons, 505 F.3d at 851; Sass, 461 F.3d at 1129 (citing Hill, 472 U.S. at 456).) "The 'some evidence' standard is minimally stringent," and a decision will be upheld if there is any evidence in the record that could support the conclusion reached by the fact-finder. (Powell, 33 F.3d at 40 (citing Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).); Toussaint v. McCarthy, 801 F.2d 1080, 1105 (9th Cir. 1986).) However, " the evidence underlying the board's decision must have some indicia of reliability." (Jancsek, 833 F.2d at 1390; See also Perveler, 974 F.2d at 1134.) Determining whether the "some evidence" standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence. (Toussaint, 801 F.2d at 1105.) The question is whether there is any reliable evidence in the record that could support the conclusion reached. (Id.)

Petitioner asserts that, the Board paid little attention to the evaluations of the CDCR experts that reported petitioner's "excellent" rehabilitative success and readiness for parole. (Exhibits 11 through 26) Petitioner has served more than the

15

twenty-five years minimum required by his sentence (excluding the nine years credit he earned under Penal Code §§ 190(a), 2930 and 15 CCR § 2410). As such, the Board,s decision of December 19, 2006 was not supported by "some evidence" and violated the petitioner's rights to due process.

X

Respondent argues that the Board is not precluded from considering the circumstances of the petitioner's commitment offense when determining parole suitability.

When evaluating whether a commitment offense alone can support such a finding, the Supreme Court, in Rosenkrantz, explained, "a denial of parole based upon the nature of the offense alone might rise to the level of a due process violation - for example where no circumstances of the offense reasonably could be considered more aggravated or violent then the minimum necessary to sustain a conviction for that offense. ...Therefore, a life term offense or any other offenses underlying an indeterminate sentence must be particularly egregious to justify the denial of a parole date.' [Citation]." (Rosenkrantz, 29 Cal.4th at 683.) In Dannenberg, the four justice majority took the position the Rosenkrantz formulation, "including our use of the phrase 'particularly egregious,' conveyed only that the violence or viciousness of the inmate's crime must be more than minimally necessary to convict him of the offense for which he is confined." (Dannenberg, 34 Cal.4th at 1095, italics omitted.; See also In re Dannenberg [II], 156 Cal.App.4th 1387, 2007 WL 3408290, at *9 (Ca. Ct. App. 2007), modified, 2007 Cal.App. LEXIS 1985, 2007 WL 4227229 (Cal. Ct. App. Dec.3,2007); In re Lee, 143 Cal.App.4th

16

1400, 1408; In re Scott, 133 Cal.App.4th 573, 595) The Supreme Court held that the prisoner's individual acts in the commitment offense are relevant to the prisoner's degree of public threat. (Rosenkrantz, 29 Cal.4th at 683 ("[t]he authority [Board] properly may weigh heavily the degree of violence used and the amount of viciousness shown by the defendant", citing to In re Seabock, 140 Cal.App.3d 29, 36-37 (1983).)

Petitioner asserts that, with all due respect to the seriousness of his criminal behavior in the commission of his commitment offense of first degree murder, his acts were not "more than minimally necessary" to sustain his conviction, and thus should not trigger the Penal Code § 3041(b) exception to the rule that parole will be granted. Or if it was, the circumstances of the offense, 26 years after the fact, and in the light of petitioner's exemplary record and expert forensic evidence of substantial rehabilitation, are no longer some evidence to support the conclusion that petitioner continues to pose an unreasonable risk to public safety, or that his parole at this time would unreasonably endanger the public.

XI

Respondent argues that the Board's December 19, 2006 parole denial did not violate the petitioner's federal due process rights.

Petitioner asserts his rights were violated by the Board's eighth denial of his parole on December 19, 2006 because: 1.) the conclusions of that denial were not supported by evidence in the record before the Board that his release, after 26 years of incarceration, would unreasonably endanger public safety; 2.)

17

repeated reliance on unchanging factors such as the commitment offense, and a non-violent institutional disciplinary infraction history, no longer retain a predictive value sufficient enough to support the conclusion that petitioner's release onto parole would unreasonably endanger public safety; and 3.) the Board's subjective, unsupported and conclusory determinations were "otherwise arbitrary." (Superintendent v. Hill, 472 U.S. 445, 457 (1985))

## XII

Respondent argues that an evidentiary hearing is not necessary in this matter.

In the intrust of justice and the unusual circumstances in this case an evidentiary hearing is needed to resolve the disputed factual issues.

## XIII

The Respondent argues that the petitioner is not entitled to the setting of a parole date and that the remedy is limited to the process which is due, which is a new Board hearing comporting with due process.

Where no evidence supports the Board's conclusion that petitioner's release to the strict supervision of parole would unreasonably endanger public safety the proper remedy is immediate release. (McQuillion v. Duncan, 342 F.3d 1012, 1015-1016 (9th Cir. 2003); In re Deluna, 126 CalApp.4th 585 (2005) ["when there is no evidentiary basis for denying parole, it is appropriate to order the Board to set a release date",] citing In re Smith, 109 Cal.App.4th 489 (2003); In re Lee, 49 Cal.Rptr.3d 931, 941 (2006)); In re Elkins, 50 Cal.Rptr.3d 503, 523 (2006) [where there

is not "some evidence to support the parole Board's or Governor's conclusions to deny parole, release to parole is the proper remedy]; Fay v. Noia, 372 U.S. 391, 401-402 (1963) ["if the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his release."]; See also Peyton v. Rowe, 391 U.S. 54, 63-64 (1968) ["a principal aim of the writ is to provide for swift judicial review of alleged unlawful restraint on liberty."]). Should this Court determine that the Board's December 19, 2006 denial of petitioner's parole was not supported by some evidence in the record, with an indicia of reliability to the pertinent consideration of public safety, the denial of parole would be a violation of due process and a deprivation of petitioner's protected liberty interest in parole release. This would entitle petitioner to the granting of this writ.

### XIV

Respondent argues that the petitioner did not state or establish any grounds for habeas corpus relief.

Petitioner has set forth sufficient allegations to establish a prima facie case that would entitle him to relief. The Respondent's assertions to the contrary are without merit. Therefore, habeas corpus relief should be granted.

Dated: *July 27, 2008*

Respectfully submitted,

Robert J. Linn
Petitioner, In Pro Per

DECLARATION OF SERVICE BY MAIL

CASE NAME: PETITION FOR HABEAS CORPUS

CASE NO.: C08-0243 JSW

I, Robert J. Linn, declare that I am over the age of eighteen (18) years; I am/~~not~~ a party to the attached action; I served the attached document entitled:

TRAVERSE TO ANSWER TO PETITION FOR HABEAS CORPUS

on the persons/parties specified below by placing a true copy of said document into a sealed envelope with the appropriate postage affixed thereto and surrendering said envelope(s) to the staff of the Correctional Training Facility entrusted with the logging and mailing of inmate legal mail addressed as follows:

United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

Office of the Attorney General
Department of Justice
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004

There is First Class mail delivery service by the United States Post Office between the place of mailing and the addresses indicated above. I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that I executed this service this 27th day of July, 2008, in Soledad, CA.

_____
Declarant